Juliana Fredman SBN 282924
Kye Young Kim SBN 278996
Kari Rudd SBN SBN 268288
BAY AREA LEGAL AID
1800 Market St.
San Francisco, CA 94102
Phone: (415) 982.1300
Fax: (415) 982.4243
Email: jfredman@baylegal.org
        kkim@baylegal.org
        krudd@baylegal.org

Attorneys for Plaintiff
NIKKI BREWER

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| NIKKI BREWER,<br><br>                    Plaintiffs,<br>v.<br><br>KIMBALL, TIREY, AND ST. JOHN, LLP., a Liability Partnership;,<br><br>                    Defendants. | Case No. _____<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1. **Fair Debt Collection Practices Act** (15 U.S.C. § 1692 *et seq*.) |

Plaintiff NIKKI BREWER, based on information and belief and investigation of counsel, except for those allegations which pertain to Plaintiffs or their attorneys (which are alleged on personal knowledge), hereby make the following allegations:

### I. INTRODUCTION

1. This is an action for actual damages, statutory damages, and attorney's fees and costs brought by an individual consumer for Defendant Kimball Tirey and St. John, LLP's ("KTS") violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

2. Nikki Brewer is a low income single mother living at an apartment complex called Cinnabar Commons. Ms. Brewer receives a Housing Choice (commonly called Section 8) Voucher from the Housing Authority of Santa Clara County.

3. Although Ms. Brewer has always paid her portion of the rent timely, in October 2016 Defendant served her with a three day notice to pay rent or quit, a letter, and subsequently filed and served an Unlawful Detainer lawsuit, all falsely alleging that she variously owed between $1046.90 and $4567.84 in unpaid rent. When she disputed this debt through her attorney, not only did KTS fail to provide any validation, but it also communicated with Plaintiff directly despite being aware that she was represented by counsel.

4. Defendant KTS committed numerous violations of the FDCPA when it attempted to collect an amount not owed or authorized by contract, failed to verify the debt upon dispute within 30 days, communicated directly with a represented party, and pursued an eviction action based on a non-existent debt.

## II. JURISDICTION

5. Jurisdiction of this Court arises under 15 U.S.C. Section 1692k (d) and 28 U.S.C. Section 1331. Declaratory relief is available pursuant to 28 U.S.C. Sections 2201 and 2202.

6. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 *et seq.* ("FDCPA").

## III. VENUE

7. Venue in this judicial district is proper pursuant to 28 U.S.C. Section 1391(b)(1) and 28 U.S.C. Section 1391(c)(2), because the Defendant resides in this district.

## IV. INTRADISTRICT ASSIGNMENT

8. This lawsuit should be assigned to the Oakland Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Contra Cost County, where Defendant's office is located and because Defendant resides in Contra Costa County.

## V. PARTIES

9. Plaintiff NIKKI BREWER is a natural person residing in San Jose, Santa Clara County, California.

10. Plaintiffs is a "consumer" within the meaning of 15 U.S.C. Section 1692a(3) because she is a natural person allegedly obligated to pay a debt.

11. Defendant KIMBALL, TIREY, AND ST.JOHN, LLP. ("KTS"), is a Limited Liability Partnership engaged in the business of collecting consumer debts (past due rent) in this state. Its principal place of business is located at One Concord Center, 2300 Clayton Rd #1350, Concord, CA 94520.

12. KTS regularly attempts to collect debts alleged to be due another and is therefore a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

## VI.  FACTUAL ALLEGATIONS

13. Nikki Brewer is a low income single mother living at an apartment complex called Cinnabar Commons in San Jose, California. Ms. Brewer has a Section 8 Housing Choice Voucher from the Housing Authority of Santa Clara County (Housing Authority). Ms. Brewer's portion of the rent is determined by the Housing Authority based on her income. The Housing Authority pays the remaining rent due each month, pursuant to a Housing Assistance Payment (HAP) contract with Cinnabar Commons.

14. In October 2007, Plaintiff signed a lease agreement with representatives of Cinnabar Commons II, LP ("Cinnabar") to rent a unit located at 875 Cinnabar Street, #4418, San Jose, CA 95126.  The terms and conditions of the Housing and Urban Development ("HUD") Tenancy Addendum were incorporated into that lease agreement.

15. On April 14, 2016, the Housing Authority sent Cinnabar Commons a notice that the unit had failed inspection and provided a list of repairs, deemed to be the responsibility of the owner, which needed to be completed within 30 days. The notice explained that if the items were not repaired by May 14, 2016, The Housing Authority would withhold its portion of the June rent and would terminate the housing assistance effective June 30, 2016.

16. On June 27, 2016 Cinnabar's management sent certification to the Housing Authority that the necessary repairs had been completed. On that same day, Ms. Brewer received a notice that the termination of her housing assistance had been cancelled.

17. On information and belief, the Housing Authority withheld $801 in rent for the period of June 1-22, 2016. The Housing Authority stated in a December 8, 2016 letter to Cinnabar Commons that it

would not pay this rent because Cinnabar Commons did not complete repairs within the required timeframe.

18. Federal regulations governing Section 8 landlords explicitly state that nonpayment of a public housing authority's portion of rent is not a violation of the lease and not grounds to terminate a tenancy. 24 C.F.R. § 982.310(b).

19. On information and belief, other than $801 for June 2016, the Housing Authority and Ms. Brewer have paid the full rent for each month of the tenancy, including October and November 2016.

20. Although Ms. Brewer has always paid her portion of the rent, on October 6, 2016 Defendant served her with a three day notice to pay rent or quit, along with a letter, alleging that she owed $1046.90 for unpaid rent in the month of October.

21. On October 20, 2016, Defendant filed a verified unlawful detainer complaint against Ms. Brewer in Santa Clara Superior Court, now alleging she owed $4,226 in unpaid rent.

22. After receiving the summons and complaint in the unlawful detainer, Ms. Brewer called the apartment manager, who informed her that the money allegedly owed was from June 2016.

23. By and through her attorney, Ms. Brewer disputed this debt by letter to Defendant's KTS on November 4, 2016, and requested validation of the alleged debt pursuant to 15 U.S.C. Section 1692g.

24. KTS responded directly to Ms. Brewer, rather than her attorney, now asserting that she owed $4567.84 for October and November, and refused to provide any verification of the alleged debt.

25. Defendants continued to prosecute the unlawful detainer case until December 2016, when they abruptly dismissed it without ever providing Plaintiff with any basis for the debt or legal action.

26. The stress of the false debt accusation by Plaintiff and associated eviction action impacted Ms. Brewer's entire family. She suffered two months of uncertainty, and feared that she would lose her home and become homeless along with her teenage son. She was unable to concentrate in her college classes, lost weight, and had to leave class on several occasions because she could not keep from crying.

27. The week of the scheduled court trial coincided with Ms. Brewer's final exams. Because of the emotional distress, Ms. Brewer was unable to concentrate, failed several classes and was forced to repeat the quarter, delaying her graduation.

28. Ms. Brewer's son was also impacted by the stress of the debt collection and eviction proceedings, causing his grades to suffer. He was terrified that he would be homeless and forced to change schools, which amplified Ms. Brewer's distress.

29. In addition to the severe emotional distress that Ms. Brewer endured as a result of Defendant's unlawful collection attempts, Ms. Brewer incurred monetary damages defending against the unlawful detainer action.

## VII.  CLAIMS
### COUNT I:
### FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 *et seq.*

30. Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

31. Plaintiff brings the first claim for relief under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

32. Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. Section 1692a(3) because she is a natural person allegedly obligated to pay past-due rent owed to Cinnabar Commons. Unpaid rent is a consumer debt within the meaning of the FDCPA.

33. Defendant, KTS, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. Section 1692a(6) because it is engaged in the business of collecting consumer debts on behalf of others, its landlord clients such as Cinnabar Commons, by utilizing the U.S. Mail, telephone and internet.

34. The financial obligation allegedly owed by Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. Section 1692a(5) because each alleged obligation arose out of transactions in which the services were primarily for personal, family, or household purposes.

35. Defendant has violated the FDCPA. The violations include, but are not limited to, the following:

    a. Defendant made and used false, deceptive, and misleading representations in an attempt to collect the debt, in violation of 15 U.S.C. Sections 1692e(2)(A)-(B) and 1692e(10), when it sent collections letters and notices to Ms. Brewer demanding amounts that she did not owe to the original creditor, Cinnabar Commons.

    b.    Defendant used unfair and unconscionable means to collect the debt by attempting to collect an amount that was not authorized by law or contract, and that Plaintiff did not owe, in violation of 15 U.S.C. Section1692f(1), including filing an unlawful detainer action in state court.

    c.    Defendant made and used false, deceptive, and misleading representations in an attempt to collect the debt, in violation of 15 U.S.C. 1692f(2)(A), when it misrepresented the character, status and amount owed.

    d.    Defendant failed to provide verification of the debt to Plaintiff upon her request as required by 15 U.S.C 1692h(b).

    e.    Defendant directly communicated with a party it knew to be represented by counsel in violation of 15 U.S.C 1692(c)(6).

    f.    Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiffs to pay the debt.

    g.    As a result of Defendant's violations of the FDCPA, Plaintiff suffered actual damages including but not limited to severe emotional distress.

36.    As a result of Defendants' violations of the FDCPA, Plaintiffs are entitled to an award of actual damages, statutory damages, and costs and reasonable attorney's fees, pursuant to 15 U.S.C. Section 1692k.

## VIII.  REQUEST FOR RELIEF

1.    Plaintiffs request that this Court:

    a)    Declare that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. Sections 1692e, 1692f, and 1692h;

    b)    Award Plaintiff actual damages in an amount to be determined at trial, pursuant to 15 U.S.C. Section 1692k(a)(1);

    c)    Award Plaintiff statutory damages of $1,000, pursuant to 15 U.S.C. Section 1692k(a)(2)(A);

    d)    Award Plaintiff the costs of this action and reasonable attorney's fees pursuant to 15

U.S.C. Section 1692k(a)(3);

e) Award Plaintiff such other and further relief as may be just and proper.

Respectfully submitted,

                              BAY AREA LEGAL AID


By: /s/ Juliana Fredman

Juliana Fredman
BAY AREA LEGAL AID
1800 Market St.
San Francisco, California  94102
Telephone Number: (415) 982 1300
Facsimile Number: (415) 982 4243
Email Address: jfredman@baylegal.org

Attorney for Plaintiff
NIKKI BREWER

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, NIKKI BREWER, hereby demand a trial by jury of all triable issues of fact in the above-captioned case.

/s/Juliana Fredman
Juliana Fredman

- 7 -
COMPLAINT AND DEMAND FOR JURY TRIAL

|   |
|---|
| 1 |
| 2 |
| 3 |
| 4 |
| 5 |
| 6 |
| 7 |
| 8 |
| 9 |
| 10 |
| 11 |
| 12 |
| 13 |
| 14 |
| 15 |
| 16 |
| 17 |
| 18 |
| 19 |
| 20 |
| 21 |
| 22 |
| 23 |
| 24 |
| 25 |
| 26 |
| 27 |

Attorney for Plaintiff
NIKKI BREWER

COMPLAINT AND DEMAND FOR JURY TRIAL